**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | Chapter 7 |
| DZS SERVICES INC. | Case No. 25-40713 (BTR) |
| Debtor. | |

**STATEMENT OF FINANCIAL AFFAIRS OF DEBTOR**
**DZS SERVICES INC.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| In re:<br><br>DZS Inc.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 25-40712 (BTR) |
| In re:<br><br>DZS Services Inc.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 25-40713 (BTR) |
| In re:<br><br>DZS California Inc.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 25-40714 (BTR) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

  The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial

Affairs (the "Statements") filed by DZS Inc. and its debtor affiliates, as debtors in the above

captioned cases (collectively, the "Debtors"), in the United States Bankruptcy Court for the Eastern

District of Texas (the "Court") were prepared pursuant to section 521 of title 11 of the United

States Code, 11 U.S.C. 101 – 1532 (the "Bankruptcy Code") and Federal Rule of Bankruptcy

Procedure 1007 by the Debtors' management. They are unaudited.

  While the members of management responsible for the preparation of the Schedules and

Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate

and complete based on information known to them at the time of preparation and after reasonable

inquiries, inadvertent errors may exist, inaccuracies within the Debtors' books and records which

were relied upon may exist, and/or the subsequent receipt of information may result in material changes to financial and other data contained in the Schedules and Statements that may warrant amendment of the same.  Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are fully complete or accurate.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, the Debtors' Schedules and Statements.  In the event of any inconsistency between the Global Notes and the Schedules and Statements, the Global Notes shall control and govern.

The Schedules and Statements have been signed by Charlie Vogt, the Chief Executive Officer of each of the Debtors.  In reviewing and signing the Schedules and Statements, he relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals.  The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

**GLOBAL NOTES REGARDING SCHEDULES AND STATEMENTS**

1.     **Description of the Chapter 7 Cases.**  On March 14, 2025 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 7 of the Bankruptcy Code (collectively, the "Chapter 7 Cases").  No chapter 7 trustee (the "Chapter 7 Trustee") has been appointed as of the filing of the Schedules and Statements.

2.     **Reservations and Limitations.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors

2

or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules

and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and

Statements is intended to be, nor should it be construed as, a waiver of any of the Debtors' or the

Chapter 7 Trustee's rights or an admission of any kind with respect to these Chapter 7 Cases,

including, but not limited to, any rights or claims against any third party or issues involving

substantive consolidation, equitable subordination, or defenses or causes of action arising under

the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or

non-bankruptcy laws to recover assets or avoid transfers.[1]  Any specific reservation of rights

contained elsewhere in the Global Notes does not limit in any respect the general reservation of

rights contained in this paragraph.

a) **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of any rights to dispute any claim or assert any cause of action or defense against any party.

b) **Recharacterization.**  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business.  Accordingly, all rights are reserved to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

c) **Classifications.**  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the

---

[1] For the avoidance of doubt, references to the rights of the Debtors and any reservations thereof contained herein include those rights and other powers that may be exercised by the Chapter 7 Trustee, as applicable.

3

Debtors' or the Chapter 7 Trustee's rights to recharacterize or reclassify such claim or contract.

d) **Claims Description.** Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." All rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed" are expressly preserved. Moreover, the Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

e) **Estimates and Assumptions.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of assets and liabilities. All rights are reserved to amend the reported amounts of assets and liabilities to reflect changes in estimates or assumptions.

f) **Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. All rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") that may exist are expressly preserved, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

g) **Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual

4

property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, all rights with respect to the legal status of any and all intellectual property rights are reserved.

h) **Insiders.** For purposes of the Schedules and Statements, the Debtors included information with respect to a range of individuals the Debtors believe could be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods, including the following: (i) current and former members of the Debtors' Board of Directors; (ii) employees that are, or were during the relevant period, officers; and (iii) Debtor affiliates. The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (i) such person's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

Further, certain of the individuals or entities identified as insiders, to the extent they are "insiders," may not have been insiders for the entirety of the twelve-month period, but the Debtors have included them herein out of an abundance of caution. All rights with respect thereto are reserved. To the extent any individual may have been considered an insider at some point during the twelve-month period, but ceased being an insider during the twelve-month period, this schedule only reflects payments made during the time such party may have been considered an insider.

3.   **Methodology.**

a) **Basis of Presentation.** For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements that were consolidated by Debtor, DZS Inc. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and

5

liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

Moreover, given the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities among other things, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

b) **Reporting Date.** The reported asset values in Schedules A and B, reflect the Debtors' asset values as of January 31, 2025, with the exceptions of cash, which is the reported bank balance as of March 14, 2025, and of accounts receivable, which is reported as of March 13, 2025. Liabilities are reported as close to the Petition Date as possible.

c) **Umbrella or Master Agreements.** Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

d) **Executory Contracts.** Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G, are reserved. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by any counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed

6

agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

e) **Leases.**  In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property from certain third-party lessors.  The Debtors believe that all such leases are set forth in the Schedules and Statements.  The property subject to the leases is not reflected in the Schedules and Statements as either owned property or assets of the Debtors or property or assets of third-parties within the control of the Debtors.  The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.  Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to legal status of any lease, and all rights with respect to all such issues are reserved.

f) **Valuation.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values as of January 31, 2025, are reflected on the Schedules and Statements.  Exceptions to this include operating cash and trade accounts payable, which are presented at bank balance and amounts owed as of March 14, 2025 and March 12, 2025, respectively.    Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values and, in some cases, the Debtors do not carry the value of the assets on their books.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed), and such variance may be material.  Accordingly, all rights are reserved to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

g) **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are

set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and all estate rights with respect to the same are reserved.

h) **Inventory.**  Inventories are reported based on the net book value on the Debtors' balance sheet as of January 31, 2025, except Statement 27 which reflects the latest physical inventory counts of the Debtors based on information available prior to the Petition Date.  Inventory is stated at the lower of cost or net realizable value, with cost being computed based on an adjusted standard basis, which approximates actual cost on an average or first-in, first-out basis. The Company reviews the cost of inventories against their estimated net realizable value and records write-downs if any inventories have costs in excess of their net realizable values.  Inventory is presented net of an allowance.

i) **Contract Assets and Liabilities.**  Contract assets consist of (i) the earned, but unbilled, portion of a project for which payment is deferred by the customer until certain contractual milestones are met; (ii) direct costs, including commissions, labor related costs and permitting fees paid prior to recording revenue, and (iii) unbilled receivables that represent revenue that has been recognized in advance of billing the customer.  Contract liabilities consist of deferred revenue and customer deposits and customer advances, and third-party advances or deposits which represent consideration received from a customer prior to transferring control of goods or services to the customer under the terms of a contract.

j) **Contingent Assets.** The Debtors believe that they may possess certain claims and causes of action against various parties.  Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements.  All estate rights are reserved with respect to any claims, causes of action, or avoidance actions that may exist and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.  Additionally, prior to the relevant Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.  Refer to each Statement, item 4(a)(i), for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

k) **Unliquidated Claim Amounts.**  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

8

l) **Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

m) **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

n) **Intercompany Claims.** Intercompany receivables and payables between the Debtors as of January 31, 2025, are set forth on Schedule E/F or Schedule A/B-77 per the Debtors' books and records, as applicable. DZS Inc. has funded the losses and acquisitions of the other Debtors and non-debtor subsidiaries and therefore has an intercompany receivable. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables. These claims are subject to reconciliation and the amounts listed may be materially misstated and subject to material adjustment upon the conclusion of a reconciliation. Certain intercompany receivables and payables among and between the Debtors may have been consolidated and netted in the Debtors' books and records. Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records. The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not all allowed at all. The listing of amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to later change the amounts, characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

o) **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, employee benefit accruals, accrued accounts payable, deferred revenue, capital lease assets and liabilities and certain contract asset and liability accounts as well as right of use assets and liabilities. In addition, certain immaterial assets and liabilities may have been excluded.

p) **Liens.** The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such

inventories, property, and equipment.  If such liens may apply, all rights are reserved to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

q) **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

r) **Setoffs.**  The Debtors incur certain setoffs and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, returns, warranties, commissions and advances as well as other disputes between the Debtors and their suppliers.  Such offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

4.    **Specific Schedules Disclosures.**

a) **Schedules A/B, Question 11.**  The accounts receivable for customers with net credit balances were removed from Schedule A/B, Question 11 and reclassified as general unsecured liabilities on Schedule E/F, Part 2.

b) **Schedule E/F Part 2.**  Vendors with net accounts payable credit balances were excluded from Schedule E/F Part 2 and were scheduled as assets on Schedule A/B, Question 75.

5.    **Specific Statements Disclosures.**

a) **Statement 20**.  The Debtors utilize cloud storage in the ordinary course for accounting, human resources and certain other functions.  Those items have not been disclosed in Statement 20 as offsite storage.

b) **Statement 26(d)**.  As a publicly traded company, Debtor DZS Inc. regularly issues consolidated financial information through its various public filings required by the Securities Exchange Commission.

| Fill in this information to identify the case: |
| --- |
| Debtor name: DZS Services Inc. |
| United States Bankruptcy Court for the: Eastern District of Texas |
| Case number: Not Yet Assigned |

☐ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:   Income**

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From _____ to _Filing Date_ | ☐ Operating a business<br>☐ Other | _____ |
| For prior year: | From _____ to _____ | ☐ Operating a business<br>☐ Other | _____ |
| For the year before that: | From _____ to _____ | ☐ Operating a business<br>☐ Other | _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From _____ to _Filing Date_ | _____ | _____ |
| For prior year: | From _____ to _____ | _____ | _____ |
| For the year before that: | From _____ to _____ | _____ | _____ |

**Part 2:**   List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 | | | ☐ Secured debt |
| | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 | | | ☐ Secured debt |
| Relationship to debtor | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | | | |
| | Last 4 digits of account number | | |

**Part 3:** Legal Actions or Assignments

---

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| **7.1**<br>**Name**<br>Hamid Bahadori v. DZS Services Inc.<br>**Case number**<br>Case No: 4:24-cv-00677-ALM | Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et. seq.<br>(hereinafter the "ADEA") | **Name**<br>USDC, EDTX, Sherman Division<br>**Street**<br>101 East Pecan Street<br>**City** Sherman **State** TX **Zip** 75090 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| **7.2**<br>**Name**<br>Telecom Technicians, Inc. VS. DZS Services Inc.<br>**Case number**<br>Cause No.CV-2024-00396 | Breach of Contract for Non-Payment | **Name**<br>County Court at Law No. 2<br>**Street**<br>1450 E. McKinney Street<br>**City** Denton **State** TX **Zip** 76209 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| **7.3**<br>**Name**<br>Texas Moving Company, Inc. v DZS Services Inc.<br>**Case number**<br>Cause No. 007-03972-2023 | Breach of Contract for Non-Payment | **Name**<br>County Court at Law No. 7<br>**Street**<br>2100 Bloomdale Rd., 30030<br>**City** McKinney **State** TX **Zip** 75071 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| **7.4**<br>**Name**<br>TM Forum v. DZS Services Inc.<br>**Case number**<br>Cause No. 2024-001961-2 | Breach of Contract for Non-Payment | **Name**<br>County Court at Law #2, Tarrant Couty, TX<br>**Street**<br>100 West Weatherford St<br>**City** Fort Worth **State** TX **Zip** 76196 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| **7.5**<br>**Name**<br>Venkel Ltd. v DZS Services Inc.<br>**Case number**<br>Cause No. 401-00600-2024 | Breach of Contract for Non-Payment | **Name**<br>401st District Court of Collin County, Texas<br>**Street**<br>2100 Bloomdale Rd., 30030<br>**City** McKinney **State** TX **Zip** 75071 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 <br><br>Custodian's name and address<br><br>_____<br>Street<br><br>_____<br>City        State        Zip | Case title<br>_____<br><br>Case number<br>_____<br><br>Date of order or assignment<br>_____ | Court name and address<br>Name<br>_____<br>Street<br>_____<br>City        State        Zip |

---

**Part 4:    Certain Gifts and Charitable Contributions**

---

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 <br><br>Recipient's name<br>_____<br>Street<br>_____<br>City        State        Zip<br><br>**Recipient's relationship to debtor**<br>_____ | | | |

---

**Part 5:    Losses**

---

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss <br> If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

**Part 6:**  **Certain Payments or Transfers**

### 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | |
| _____ | _____ | _____ | _____ |
| **Email or website address** | | | |
| _____ | | | |
| **Who made the payment, if not debtor?** | | | |
| _____ | | | |

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| _____ | _____ | _____ | _____ |
| **Trustee** | | | |
| _____ | | | |

### 13. Transfers not already listed on this statement

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| _____ | _____ | _____ | _____ |
| **Relationship to debtor** | | | |
| _____ | | | |

**Part 7:**  **Previous Locations**

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | | Dates of occupancy | |
|---|---|---|---|
| 14.1 | | | |
| Street | | From _____ | to _____ |
| _____ | | | |
| City _____ | State _____ | Zip _____ | |

**Part 8:**   **Health Care Bankrupties**

**15. Health Care bankrupties**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 | | |

Street _____

| City | State | Zip |
|---|---|---|

**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider

**How are records kept?**
Check all that apply:

☐ Electronically

☐ Paper

**Part 9:**   **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

☑ No. Go to Part 10.

☐ Yes. Fill in below:

**Name of plan**                                      **Employer identification number of the plan**

_____                                      _____

Has the plan been terminated?

☑ No

☐ Yes

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name PNC Bank, N.A. Street 300 Fifth Avenue The Tower at PNC Plaza City Pittsburgh  State PA  Zip 15222 | 3009 | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☑ Other Operating | 5/31/2024 | $0.00 |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 Name Street City  State  Zip | Address | | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name Street City  State  Zip | Address | | ☐ No ☐ Yes |

**Part 11:   Property the Debtor Holds or Controls that the Debtor Does Not Own**

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | |

**Part 12:   Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

### 22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 _____ Case Number _____ | Name _____ Street _____ City _____ State ___ Zip ___ | _____ | ☐ Pending ☐ On appeal ☐ Concluded |

### 23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 Name _____ Street _____ City ___ State ___ Zip ___ | Name _____ Street _____ City ___ State ___ Zip ___ | _____ | _____ |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 Name | Name | | |
| Street | Street | | |
| City    State    Zip | City    State    Zip | | |

---

**Part 13:**  **Details About the Debtor's Business or Connections to Any Business**

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 DZS GmbH -- Gradestrasse 20, 30163 Hannover, Germany and Mindspace at Herzogspitalstra B 24 Munich, Germany | Operating and R&D Company | EIN    25/212/17373<br>**Dates business existed**<br>From 5/18/2011    to Present |
| 25.2 DZS International Inc. -- 5700 Tennyson Parkway, Suite 400, Plano, Texas 75024 | Holding Company | EIN    94-3363089<br>**Dates business existed**<br>From 5/10/2000    to Present |
| 25.3 DZS International Ltd. -- 4th Floor Harbour Place, 103 South Church Street, George Town, Grand Cayman, Cayman Islands | Holding Company | EIN    99371<br>**Dates business existed**<br>From 4/12/2000    to Present |
| 25.4 Zhone Technologies Campus, LLC -- 5700 Tennyson Parkway, Suite 400, Plano, Texas 75024 | Non-Operational | EIN    None<br>**Dates business existed**<br>From 3/27/2001    to Present |
| 25.5 Zhone Technologies Pte. Ltd. -- 16 Collyer Quay #17-00, Income at Raffles, Singapore 049318 | Non-Operational | EIN    199003942R<br>**Dates business existed**<br>From 8/11/1990    to Present |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| **26a.1** | | |
| Anton Sobrovian -- 5700 Tennyson Parkway, Suite 400, Plano, TX 75024 | From 6/1/2021 | to Present |
| **26a.2** | | |
| Brian Chesnut -- 5700 Tennyson Parkway, Suite 400, Plano, TX 75024 | From 4/22/2024 | to Present |
| **26a.3** | | |
| Mike Lavey -- 5700 Tennyson Parkway, Suite 400, Plano, TX 75024 | From 1/10/2022 | to 6/14/2023 |
| **26a.4** | | |
| Misty Kawecki -- 5700 Tennyson Parkway, Suite 400, Plano, TX 75024 | From 8/2/2021 | to 10/4/2024 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| **26b.1** | | |
| BDO USA LLP -- 5300 Patterson Ave SE Ste 100, Grand Rapids, MI 49512 | From April 2024 | to Present |
| **26b.2** | | |
| EY -- 200 Plaza Dr, Secaucus, NJ 07094 | From March 2023 | to April 2024 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1** | |
| Brian Chesnut -- 5700 Tennyson Parkway, Suite 400, Plano, TX 75024 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| **26d.1** |
| See SOFA 26D Attachment |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 Charlie Vogt -- 5700 Tennyson Parkway, Suite 400, Plano, TX 75024 | Director, CEO | |
| 28.2 DZS Inc. -- 5700 Tennyson Parkway, Suite 400, Plano, TX 75024 | Parent Company | 100% |
| 28.3 Justin Ferguson -- 5700 Tennyson Parkway, Suite 400, Plano, TX 75024 | CLO | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 Misty Kawecki -- 5700 Tennyson Parkway, Suite 400, Plano, TX 75024 | Director, CFO, Treasurer | From 8/2/2021 to 10/4/2024 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |

| Relationship To Debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 DZS Inc. | EIN 22-3509099 |

Debtor DZS Services Inc.

Name

Case number *(if known)* Not Yet Assigned

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

SOFA 26D ATTACHMENT

All financial institutions, creditors, and other parties to whom the debtor issued a financial statement within 2 years before filing this case

| Name | Address |
|------|---------|
| A.G.P. | 590 MADISON AVENUE, 28TH FLOOR, NEW YORK, NY 10022 |
| AB PRIVATE CREDIT INVESTORS LLC | 1345 AVENUE OF THE AMERICAS, NEW YORK, NY 10105 |
| ABL OPCO LLC; MOUNTAIN RIDGE CAPITAL | 6801 GAYLORD PARKWAY, SUITE 202, FRISCO, TEXAS 75034 |
| ACTELIS NETWORKS INC | 4039 CLIPPER COURT,, FREMONT, CA 94538, USA |
| AEGIS CAPITAL CORP | 1345 AVENUE OF THE AMERICAS,, NEW YORK, NEW YORK, 10105 |
| AIRSPAN NETWORKS HOLDINGS INC | NO ADDRESS |
| ALLIANCE GLOBE PARTNERS | 590 MADISON AVENUE, NEW YORK, NY 10022 |
| ALLIANZ TRADE | 100 INTERNATIONAL DRIVE, BALTIMORE, MD 21202 |
| APPLIED OPTOELECTRONICS INC | 13139 JESS PIRTLE BLVD., SUGAR LAND, TX 77478 |
| ARES COMMERCIAL FINANCE MANAGEMENT LP | 245 PARK AVENUE,, 44TH FLOOR NEW YORK,, NY 10167 |
| ARES | ARES CAPITAL CORPORATION, ATTN: JOHN STILMAR, ONE BUCKHEAD PLAZA, 3060 PEACHTREE ROAD NW, SUITE 800, ATLANTA, GA 30305 |
| ASHTON STEWART & CO INC | 1395 BRICKELL AVE, SUITE 800, MIAMI, FL, 33131 |
| ATX PARENT HOLDINGS LLC | ATX PARENT HOLDINGS, LLC8880 REHCO ROAD, SAN DIEGO, CA 92121, USA |
| AUSTIN FINANCIAL | 11150 SANTA MONICA BLVD. STE 750, LOS ANGELES, CA 90025 |
| AVIAT US INC | 200 PARKER DR., STE. 100A, AUSTIN, TEXAS 78728 |
| AXON NETWORKS, INC. | 15420 LAGUNA CANYON ROAD, SUITE 150, IRVINE, CALIFORNIA 92618 |
| BENCHMARK COMPANY | 158 EAST 58TH, NEW YORK, NY 10155 |
| BLUE TORCH CAPITAL LP | 150 EAST 58TH STREET, 39TH FLOOR, NEW YORK, NY 10155 |
| BOWEN INC | 22 BOSTON WHARF, ROAD, 7TH, FLOOR BOSTON,, MA 02210 USA |
| BRIGADE CAPITAL MANAGEMENT LP | 399 PARK AVENUE, 16TH FLOOR, NEW YORK, NY 10022 |
| CIT NORTHBRIDGE CREDIT INC | 11 WEST 42ND STREET 11TH FLOOR, NEW YORK NY 10036 |
| CIT NORTHBRIDGE CREDIT LLC | 11 WEST 42ND STREET, NEW YORK, NY 10036 |
| COLBECK CAPITAL MANAGEMENT LLC | 888 7TH AVENUE, NEW YORK, NY 10106 |
| COLBECK CAPITAL MANAGEMENT LLC | 888 SEVENTH AVENUE, NEW YORK, NY 10106 |
| COLBECK | 888 7TH AVE 29 FLOOR, NEW YORK, NY 10106 |
| CRAIG-HALLUM CAPITAL GROUP LLC | 1808 WEDEMEYER STREET, SUITE 130, SAN FRANCISCO, CA 94129 |
| CREAMY R RICHTER; MEDALIST PARTNERS ASSET-BASED PRIVATE CREDIT FUND III-A LP | 777 THIRD AVENUE, SUITE 1402, NEW YORK, NY 10017 |
| CRESTLINE INVESTORS INC; CRESTLINE MANAGEMENT LP | 201 MAIN STREET, SUITE 1900, FORT WORTH, TEXAS 76102 |
| DAICH P GÜBRE | 126 E 56TH ST, NEW YORK , NY 10022 |
| DASAN NETWORKS INC | 49, DAEWANGPANGYO-RO 644BEON-GIL, BUNDANG-GU, SEONGNAM-SI, GYEONGGI-DO,13493., REPUBLIC OF KOREA |
| DASAN NETWORKS INC | 49, DAEWANGPANGYO-RO 644BEON-GIL, BUNDANG-GU,, SEONGNAM-SI, GYEONGGI-DO, REPUBLIC OF KOREA |
| DIGI INTERNATIONAL INC | 9350 EXCELSIOR BLVD. SUITE 700, HOPKINS, MN 55343 |
| DURHAM CAPITAL CORPORATION | 590 MADISON AVENUE, 21ST FLOOR, NEW YORK, NEW YORK, 10022 |
| DURHAM CAPITAL | 985 5TH AVE NEW YORK, NY 10075-0142 |
| DWIGHT | 787 11TH AVE 10TH FLOOR, NEW YORK, NY 10019 |
| ECAPITAL | 20807 BISCAYNE BLVD, SUITE 203, 33180 |
| ECLIPSE BUSINESS CAPITAL LLC | 333 W WACKER DR. SUITE 950, CHICAGO, IL 60606 |
| ECLIPSE | 333 WEST WACKER DR, SUITE 950, CHICAGO, IL 60606 |

All financial institutions, creditors, and other parties to whom the debtor issued a financial statement within 2 years before filing this case

| Name | Address |
|------|---------|
| EKINOPS SA | 3 RUE BLAISE PASCAL, LANNION, BRETAGNE (BRITTANY), 22300, FRANCE |
| ENCINA | NO ADDRESS |
| EUROTECH SPA | VIA FRATELLI SOLARI 3/A, AMARO (UD) 33020 - ITALY |
| EZURIO | W66N220 COMMERCE COURT, CEDARBURG, WI 53012 |
| FGI WORLDWIDE LLC | 410 PARK AVE, STE 920, NEW YORK, NY 10022 |
| FGI WORLDWIDE LLC | 410 PARK AVENUE, STE 920, NEW YORK, NY 10022 |
| FGIWW | 410 PARK AVENUE, SUITE 920, NEW YORK, NY 10022 |
| FRONT WELL CAPITAL PARTNERS INC | 200 BAY STREET, RBC PLAZA, NORTH TOWER, 10TH FLOOR, DISTRICT 1, TORONTO ON M5J 2J2, CANADA |
| FRONTWELL | DISTRICT 1, NORTH TOWER, 200 BAY ST. 10TH FLOOR, TORONTO, ON M5J 2J2, CANADA |
| GB FUNDING LLC; GORDON BROTHERS GROUP LLC | 101 HUNTINGTON AVENUE, 11TH FLOOR, BOSTON, MA 02199, USA |
| GENEXIS SWEDEN AB | HAMMARBY KAJ 10D, 120 32 STOCKHOLM, SWEDEN |
| GIBRALTAR | 400 SKOKIE BLVD #375, NORTHBROOK , IL 60062 |
| GORDON BROTHERS | 101 HUNTINGTON AVE, SUITE 1100, BOSTON, MA 02199 |
| GRANT THORNTON LLP | 171 NORTH CLARK, SUITE 200, CHICAGO, IL 60601 |
| GREAT ROCK CAPITAL PARTNERS MANAGEMENT LLC | 285 RIVERSIDE AVENUE, SUITE 350, WESTPORT, CT 06880 |
| GREAT ROCK CAPITAL PARTNERS MANAGEMENT LLC | E-MAIL: KATZ@GREATROCKCAPITAL.COM, ATTENTION: JONATHAN KATZ |
| HALE CAPITAL PARTNERS LP | 17 STATE ST #4000, NEW YORK, NY 10004 |
| HARMONIC INC. | 2590 ORCHARD PARKWAY, SAN JOSE, CA 95131 |
| HFR, INC. | HANA EZ TOWER 5F, 10, SEONGNAM-DAERO 43BEON-, GIL, BUNDANG-GU, SEONGNAM-SI, GYEONGGI-DO,, KOREA |
| HIDDEN TRAIL PARTNERS | 5900 BALCONES DRIVE #18296, AUSTIN, TX 78731 |
| HOULIHAN LOKEY CAPITAL INC | NO ADDRESS |
| INVITES VENTURES CO LTD | 1218 TWO IFC, 10 GUKJEGEUMYUNG-RO,, YEONGDEUNGPO-GU, SEOUL, 07326 REPUBLIC OF KOREA |
| JAMES B. STANLEY | 10030 FRITZ LANE, RENO, NV 89521 |
| JGB ADMIN LLC | 246 POST ROAD EAST 2ND FLOOR, WESTPORT, CT 06880 |
| JGB | 246 POST ROAD EAST, WESTPORT, CT 06880 |
| KATSUMI GLOBAL, LLC | 7901 4TH STREET NORTH, SUITE 4000, ST. PETERSBURG, FL 33702 |
| KENNEDY LEWIS INVESTMENT MANAGEMENT LLC | 225 LIBERTY STREET,, SUITE 4210, NEW, YORK, NY 10281 |
| LANTRONIX INC | 48 DISCOVERY, SUITE 250, IRVINE, CALIFORNIA 92618 |
| LEGACY CORPORATE LENDING LLC | 5717 LEGACY DRIVE, SUITE 250, PLANO, TEXAS 75024 |
| LIBERTY ASSOCIATES INC | 501 5TH AVENUE, 15TH FLOOR, NEW YORK, NY 10017 |
| LIONTREE LLC | 745 FIFTH AVENUE, 15TH FLOOR, NEW YORK, NY 10151 |
| LUMINE GROUP | 5060 SPECTRUM WAY, SUITE 100, MISSISSAUGA, ON, L4W 5N5, CANADA |
| MARBLGATE ASSET MANAGEMENT LLC | 5 GREENWICH OFFICE PARK, SUITE 400, GREENWICH, CT 06831 |
| MARCO CAPITAL INC | 936 SW 1ST AVE, # 306, MIAMI, FL 33130 |
| MARCUM LLP | 10 MELVILLE PARK, ROAD MELVILLE,, NEW YORK 11747, TELEPHONE:, (212) 485-5938 , FACSIMILE: (212) 485-5501 |
| MAVENIR SYSTEMS LIMITED; DEUTSCHE TELEKOM TECHNIK GMBH | READING INTERNATIONAL BUSINESS PARK, BASINGSTOKE ROAD, READING, RG2 6DH, UK |
| MAZARS USA LLP | 135 WEST 50TH STREET, NEW YORK, NEW YORK 10020 |
| MIDCAP FINANCIAL TRUST; APOLLO CAPITAL MANAGEMENT GP LLC | NO ADDRESS |

**SOFA 26D ATTACHMENT**

All financial institutions, creditors, and other parties to whom the debtor issued a financial statement within 2 years before filing this case

| Name | Address |
|---|---|
| MIDCAP FINANCIAL TRUST; MIDCAP FINANCIAL SERVICES LLC | 7255 WOODMONT AVENUE, SUITE 300, BETHESDA, MD 20814 |
| MIDCAP | MIDCAP FINANCIAL SERVICES, LLC, 10880 WILSHIRE BLVD, SUITE 1010, LOS ANGELES, CA 90024 |
| MOUNTAIN RIDGE | 6801 GAYLORD PARKWAY, FRISCO, TX 75034 |
| MUFG BANK LTD | 3475 PIEDMONT ROAD NE, SUITE 500, ATLANTA, GA 30305 |
| NED ABDUL | 510 1ST AVE N, |
| NFUSION CAPITAL LLC | 6444 BURNET RD., SUITE 100 AUSTIN, TEXAS 78757 |
| NFUSION | 6444 BURNET RD UNIT 100, AUSTIN, TX 78757 |
| NORTHBRIDGE | 5950 SHERRY LN, STE 100, DALLAS, TX 75225. |
| NORTHEAST SERIES OF LOCKTON COMPANIES LLC | 1185 AVENUE OF THE AMERICAS, SUITE 2010, NEW YORK, NY 10036 |
| NORTHLAND SECURITIES INC | 150 SOUTH FIFTH STREET, SUITE 3300, MINNEAPOLIS, MN 55402 |
| NORTHLANE LLC | 2 BETHESDA METRO CENTER, 15 FLOOR, BETHESDA, MD 20814 |
| ONEPLUSONE | 818 PARKDALE DRIVE, SOUTHLAKE, TX 76092 |
| ONTARIO LTD | 3363 TECUMSEH RD. E, WINDSOR, ON CANADA, N8W 1H4 |
| PACIFIC GATE CAPITAL MANAGEMENT LLC | 1901 AVENUE OF THE STARS, 2ND FLOOR, LOS ANGELES, CA 90067 |
| PARLER | 5700 TENNYSON PKWY, SUITE 200, PLANO, TEXAS 75024 |
| PNC BANK NATIONAL ASSOCIATION | NO ADDRESS |
| PNC BANK | PNC PRIVATE BANK, 200 CRESCENT COURT, SUITE 1900, DALLAS, TX 75201, 314-825-0403 |
| PRESTISE CAPITAL FIRME LLC | 400 WELBY ST,, 10TH FLOOR, FORT LEE, NJ 07024 |
| PROVIDENCE EQUITY LLP | NO ADDRESS |
| RADISYS CORPORATION | 8900 NE WALKER ROAD, SUITE 130,, HILLSBORO, OREGON 97006, USA |
| RICHARD STANFIELD | 1555 LONDON RANCH RD, GLEN ELLEN, CA 95442 |
| ROBERT BINKELE | 34312 PORT LANTERN, DANA PORT, CA, 92629 |
| ROSENTHAL & ROSENTHAL INC | 1370 BROADWAY, NEW YORK, NY 10018 |
| ROSENTHAL | 21700 OXNARD STREET, STE. 1880 WOODLAND HILLS, CA 91367 |
| ROTH CAPITAL PARTNERS LLC | 24 CORPORATE PLAZA DR. NEWPORT BEACH, CA 92660, 800.990.2788, ROTH. COM |
| ROTH | 2321 ROSECRANS AVE #2210, MANHATTAN BEACH, CA 90245 |
| SEVENTH STREET ADVISOR LLC | 525 OKEECHOBEE BLVD., SUITE 1650, WEST PALM BEACH, FL 33401 |
| SIENA LENDING GROUP LLC | 9 W BROAD ST., 5TH FLOOR, STAMFORD, CT 06811 |
| SIENA LENDING GROUP | 9 WEST BROAD, 5TH FLOOR, STAMFORD, CT 10174 |
| SIENA | 9 W BROAD ST, STAMFORD, CT 06902 |
| SILICON VALLEY BANK; FIRST-CITIZENS BANK & TRUST COMPANY | 3003 TASMAN DRIVE, SANTA CLARA, CALIFORNIA 95054 |
| SLR BUSINESS CREDIT | 821 ALEXANDER RD., SUITE 130, PRINCETON, N.J. 08540 |
| SLR CREDIT SOLUTIONS; CRYSTAL FINANCIAL LLC | TWO INTERNATIONAL PLACE, 17TH FLOOR, BOSTON, MA 02110 |
| SLR | 5401 GAMBLE DR SUITE 200, MINNEAPOLIS, MN 55416 |
| SOUND POINT CAPITAL MANAGEMENT LP | 375 PARK AVENUE, 33RD FLOOR, NEW YORK, NY 10152 |
| STRATIFI ADVISORS LLC | 176 GOLLI DRIVE, LOS ALTOS, CA 94022 |
| SVB BANK | 504 LAVACA, STE 1100 , AUSTIN, TX 78701 |
| TANNENBAUM FAMILY OFFICE | NO ADDRESS |
| TELIBRICK HOSPITALITY NETWORKS INC | 45110 CLUB DRIVE, SUITE B, INDIAN WELLS, CA 92210 |
| TELLABS ACCESS LLC | 4240 INTERNATIONAL PKWY. SUITE 105, CARROLLTON, TX 75007 |

SOFA 26D ATTACHMENT

All financial institutions, creditors, and other parties to whom the debtor issued a financial statement within 2 years before filing this case

| Name | Address |
|------|---------|
| THOMAS CORKER | 6026 E WILDHORSE LANE, BOISE, ID 83712 |
| TIGER CAPITAL GROUP LLC | 60 STATE STREET, 11TH FLOOR, BOSTON, MA 02109 |
| TODD JACKSON LAW, PC | 3326 ASPEN GROVE DRIVE, SUITE 400, FRANKLIN, TN 37067 |
| TRUIST BANK | 3333 PEACHTREE ROAD, ATLANTA, GA 30326 |
| VECIMA NETWORKS INC | 771 VANALMAN AVENUE, VICTORIA, BC V8Z3B8 |
| VENDERITY CAPITAL LLC | 145 KUULEI ROAD, KAILUA, HI 96734 |
| VERTICAL CAPITAL INC | NO ADDRESS |
| WHITE OAK COMMERCIAL FINANCE LLC | 1155 AVENUE OF THE AMERICAS, 15TH FLOOR, NEW YORK, NEW YORK 10036 |
| WHITEHAWK CAPITAL PARTNERS LP | 11601 WILSHIRE BLVD., SUITE 1250, LOS ANGELES, CA 90025 |
| WHITEHAWK CAPITAL PARTNERS LP | 11601 WILSHIRE BLVD., SUITE 1980,, LOS ANGELES, CALIFORNIA, 90025 |
| WHITEHAWK | 11601 WILSHIRE BOULEVARD, SUITE 1980, LOS ANGELES, CALIFORNIA 90025 |
| WHITEHORSE MANAGEMENT LLC | 1450 BRICKELL AVENUE, 31ST FLOOR, MIAMI, FL 33131, ATTN: WHITEHORSE MANAGEMENT, LLC, FOR FORMAL NOTICE OR SERVICE OF PROCESS:, CT CORPORATION, CORPORATION TRUST CENTER, 1209 N. ORANGE ST., WILMINGTON DE 19801 |
| WILLIAM H WATSON III | 10030 FRITZ LANE, RENO NV 89521 |
| WINGSPIRE CAPITAL LLC | 11720 AMBER PARK DRIVE, SUITE 500, ALPHARETTA, GA 30009 |
| WINGSPIRE CAPITAL LLC | 11720 AMBER PARK DRIVE, SUITE 500, ALPHARETTA, GA 30009 |
| WINGSPIRE | 11720 AMBER PARK DR, ALPHARETTA, GA 30009 |
| YOO SANG HYUN; KER DASAN VENTURES INC | 10F DASAN TOWER, 49, DAEWANGPANGYO-RO, 644BEON-GIL, BUNDANG-GU, SEONGNAM-SI,, GYEONGGI-DO, RUPUBLIC OF KOREA |
| Z2 INVESTMENT MANAGEMENT LP | 100 FIRST STAMFORD PLACE, SUITE 310, STAMFORD, CT 06902 |

**Fill in this information to identify the case:**

Debtor name: DZS Services Inc.

United States Bankruptcy Court for the: Eastern District of Texas

Case number: Not Yet Assigned

☐ Check if this is an amended filing

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
March 14, 2025

| /s/ Charles Vogt | Charles Vogt |
|---|---|
| Signature of individual signing on behalf of debtor | Printed name |

Chief Executive Officer

Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No

☑ Yes